UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMZA SHARIF, CDCR #AD-9470,<br><br>Plaintiff,<br><br>vs.<br><br>Dr. G. CASIAN, MD,<br><br>Defendant. | Case No. 3:18-cv-00065-LAB-BLM<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

HAMZA SHARIF ("Plaintiff"), while incarcerated at California Men's Facility in San Luis Obispo, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 8, 2018. *See* Compl., ECF No. 1.

In his Complaint, Plaintiff claimed Defendant Casian, a doctor at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, violated his Eighth Amendment rights by failing to effectively treat a recurring skin rash, diagnosed by Casian as tinea versicolor, while he was incarcerated at RJD from 2012 through 2014. *Id.* at 1-3. Plaintiff sought both injunctive relief as well as general and punitive damages. *Id.* at 7.

///

///

1

## I. Procedural History

On March 13, 2018, the Court granted Plaintiff leave to proceed in forma pauperis, but dismissed his Complaint for failing to state any claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). *See* ECF No. 6. Plaintiff was informed of his pleading deficiencies, and granted 45 days leave in which to file an Amended Complaint that fixed them. *Id.* at 6-11. Plaintiff was further cautioned his failure to amend would result in the dismissal of his case. *Id.* at 12, *citing Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")

Almost two months have passed since the Court's March 13, 2018 Order, and Plaintiff's Amended Complaint was due on or before April 27, 2018. But to date, Plaintiff has failed to amend, and has not asked for an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute pursuant to FED. R. CIV. P. 41(b) in compliance with the Court's March 13, 2018 Order (ECF No. 6).

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: _____

Hon. Larry Alan Burns
United States District Judge