UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMZA SHARIF, CDCR #AD-9470,<br><br>                              Plaintiff,<br>vs.<br><br>Dr. G. CASIAN, MD,<br><br>                             Defendant. | Case No.: 3:18-cv-00065-LAB-BLM<br><br>**ORDER:**<br><br>**1) VACATING JUDGMENT PURSUANT TO Fed. R. Civ. P. 60(a)**<br>**[ECF No. 8]**<br><br>**AND**<br><br>**2) DISMISSING AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)**<br>**[ECF No. 10]** |

Hamza Sharif ("Plaintiff"), currently incarcerated at California Men's Colony in San Luis Obispo, California, is proceeding pro se in this civil action filed pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis and an opportunity to amend his complaint to state an Eighth Amendment claim of deliberate indifference against a doctor at Richard J. Donovan Correctional Facility ("RJD"), who allegedly failed to treat him in 2014. His attempt to do so falls short, so the Court now dismisses his case.

## I. Procedural History

In his original Complaint, Plaintiff claimed Defendant Casian, a doctor at RJD, violated his Eighth Amendment rights by failing to "effectively" treat a recurring skin rash, diagnosed as tinea versicolor, while he was incarcerated there from 2012 through 2014. *See* Compl., ECF No. 1 at 1-3. He sought injunctive relief preventing "discrimination in dealing with [his] medical needs," as well as $125,000 in general and punitive damages. *Id.* at 7.

On March 13, 2018, the Court dismissed his Complaint sua sponte and in its entirety for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See* ECF No. 3. In its 11-page Order, the Court thoroughly reviewed Plaintiff's allegations on both Eighth and Fourteenth Amendment grounds, provided him notice of his pleading deficiencies, and granted him 45 days leave in which to fix them. *Id.*

Plaintiff failed to respond to the Court's Order; therefore, on May 9, 2018, the Court dismissed the case based on his failure to state a claim and his failure to prosecute, and the Clerk entered judgment. *See* ECF Nos. 7, 8. Just about a week later, the Clerk of Court received an Amended Complaint, which is dated and signed by Plaintiff on April 19, 2018. *See* ECF No. 10 at 10. However, it was not initialed as deposited for mailing by an unidentified "C/O" until more than three weeks later on May 13, 2018, *id.* at 69, and was post-marked by the USPS on May 14, 2018. *Id.* at 68.

Because Plaintiff is proceeding without counsel and dependent on prison officials to process his legal mail, the "mailbox rule" applies. *See Houston v. Lack,* 487 U.S. 266, 270-72 (1988) (deeming notice of appeal to be "filed" when prisoner delivers it to prison authorities for forwarding to the district court); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) ("*Houston* mailbox rule applies to § 1983 suits filed by pro se prisoners."). Therefore, the Court will assume Plaintiff's Amended Complaint was delivered to prison officials on or soon after the date on which he signed it—April 19, 2018—which renders it timely. For that reason, and on its own motion, the Court

VACATES the clerk's judgment of dismissal entered on May 9, 2018, pursuant to Fed. R. Civ. P. 60(a) (ECF No. 8).

However, Plaintiff's Amended Complaint (ECF No. 10) is nonetheless subject to the same initial screening as was his original Complaint, and it is to that task the Court next turns. *See* 28 U.S.C. § 1915(e)(2) and § 1915A.

## II.     Screening of Amended Complaint

As Plaintiff is aware, the Prison Litigation Reform Act ("PLRA") requires review of all complaints filed by persons proceeding IFP, as well as those filed by persons, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," at the time of filing "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

### A.     Standard of Review

"The purpose of § 1915[] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *accord Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"Courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference" to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading for all purposes."); *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even before *Iqbal*, "[v]ague and conclusory allegations of official participation in civil rights violations" were not "sufficient to withstand a motion to dismiss." *Id.*

B. Allegations in Amended Complaint

The allegations in Plaintiff's Amended Complaint are the same as those in his original Complaint—and the medical records he attaches as "Exhibit A" are identical photocopies of those he originally filed. *Compare* Compl., ECF No. 1 at 2-3, 8-64, *with* Amend. Compl., ECF No. 10 at 4-7, 11-67.

He claims that as early as September 2012, he reported a painful rash had developed on his chest and shoulder. Dr. Casian diagnosed the ailment as tinea veriscolor, prescribed Ketoconazol and selenium sulfide topical creams, and told him to apply them twice daily for two months.[1] *See* Amend. Compl., ECF No. 10 at 6.

After he reported the medication had proven ineffective, Plaintiff claims Dr. Casian acted with "deliberate indifference" by "refus[ing] to treat [his] disease." *Id.* at 5. However, he also admits he was referred to a general surgeon, Dr. Dean, who "concurred" with Dr. Casian's prescribed course of treatment, *id.* at 6, and at his request, was treated specifically for his rash on 18 separate occasions between August 31, 2012 and February 6, 2015. *Id.* The medical records re-attached to his Amended Complaint recount that course of care. *See id.* at 11-67. But Plaintiff claims Dr. Casian should have done more by recommending a "specialist" and "maybe even more extreme treatment." *Id.* at 6.

///

---

[1] "Tinea versicolor is a fungal infection of the skin. It's also called pityriasis versicolor and is caused by a type of yeast that naturally lives on [the] skin. When the yeast grows out of control, the skin disease, which appears as a rash, is the result." *See* https://www.webmd.com/skin-problems-and-treatments/tinea-versicolor-cause-symptoms-treatments#1 (last visited June 28, 2018). Treatment options include over-the-counter topical anti-fungals containing ingredients such as zinc, clotrimazole, miconazole, pyrithione, selenium sulfide, and terbinafine. More serious and recurrent cases may be treated by prescription anti-fungal pills, "which can have side effects," and therefore, require monitoring. Id. "Treatment usually eliminates the fungal infection. However, the discoloration of the skin may take up to several months to resolve." *Id.*

C. Discussion

To state a claim under the Eighth Amendment, Plaintiff must plead facts to plausibly suggest that Dr. Casian: (1) exposed him to a substantial risk of serious harm; and (2) did so with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837, 842 (1994); *Iqbal*, 556 U.S. at 678.

In a medical care case, Plaintiff must first allege he suffered from or faced an objectively "serious medical need." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016). "A medical need is serious when the failure to treat it could result in significant injury or the unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096; *see also McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

As it did in its previous Order, the Court will continue to assume that Plaintiff's tinea versicolor, which he contends caused him to itch and suffer "excruciating pain and discomfort," *see* Amend. Compl., ECF No. 10 at 6-7, is an objectively serious medical condition. *See McGuckin*, 974 F.2d at 1059; *Solomon v. Felker*, No. 2: 08-CV-2544 KJN P, 2015 WL 1469165, at *12 (E.D. Cal. Mar. 30, 2015) (citing cases distinguishing between "mere dry-skin condition[s]" which are insufficient to "rise to the level of an objectively serious medical condition," and others, including eczema and involving cracked skin, sores, bleeding, itching, and elevated blood pressure, which can "constitute[] a serious medical need such that the failure to provide plaintiff with lotion would constitute deliberate indifference.").

Plaintiff must also allege facts sufficient to show Dr. Casian acted with "deliberate indifference" to his serious medical needs, however, and this is where his pleading again fails to meet that bar. *See Erickson v. Pardus*, 551 U.S. 89, 90 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment," and this includes "indifference ... manifested by prison doctors in

6

their response to the prisoner's needs.")). "Deliberate indifference is a high legal standard." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citing *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)).

Inadvertent failures to provide adequate medical care, mere negligence or medical malpractice, delays in providing care (without more), and differences of opinion over what medical treatment or course of care is proper, are all insufficient to constitute an Eighth Amendment violation. *Gamble*, 429 U.S. at 105-07; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Gamble*, 429 U.S. at 106; *see, e.g., Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin*, 974 F.2d at 1050; *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Instead, Plaintiff must allege that "the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to [his] health.'" *Hamby*, 821 F.3d at 1092 (citations omitted).

In his Amended Complaint, Plaintiff continues to claim only Dr. Casian should have done better or more with respect to his skin condition. Specifically, he insists Casian should have referred him to a specialist for a second opinion. *See* Amend. Compl., ECF No. 10 at 6. He admits he *was* referred to Dr. Dean, but complains Dean is not a dermatologist. *Id.* However, the mere fact the Plaintiff disagrees with his treating doctors' recommended course of treatment still "does not amount to deliberate indifference," and is insufficient as a matter of law to show an Eighth Amendment violation. *See Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) ("A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference."), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc);

*Hamby*, 821 F.3d at 1092; *Wilhelm*, 680 F.3d at 1122-23; *see also Toguchi*, 391 F.3d at 1058 ("[A] mere 'difference of medical opinion ... [is] insufficient, as a matter of law, to establish deliberate indifference'"). (citation omitted); *Rhodes v. Valeros*, No. CV 04-0644-PHX-JATLO, 2006 WL 2471833, at *5 (D. Ariz. Aug. 24, 2006) ("The fact that the medical staff failed to give the exact antibiotic recommended by Dr. Levine, but prescribed one consistent with Dr. Levine's recommendation, does not result in deliberate indifference to Plaintiff's medical needs."); *Calloway v. Contra Costa County Jail Correctional Officers*, 2007 WL 134581, *31 (N.D. Cal. 2007) (rejecting "the proposition that a prisoner has an Eighth Amendment right to receive treatment ... with the provider of his choice").

And while he has been provided the opportunity to do so, Plaintiff's Amended Complaint still fails to allege facts sufficient to "show that the course of treatment [Dr. Casian] chose was medically unacceptable under the circumstances," or that he acted "in conscious disregard of an excessive risk to [his] health." *Hamby*, 821 F.3d at 1092 (citing *Snow*, 681 F.3d at 988) (internal quotations omitted). Therefore, Plaintiff's Amended Complaint, like his original, is subject to sua sponte dismissal in its entirety based on his failure to state a plausible claim for relief under the Eighth Amendment. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### D. Leave to Amend

Plaintiff has already been provided a short and plain statement of his Eighth Amendment pleading deficiencies, as well as an opportunity to amend those claims to no avail. Thus, the Court now finds further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's

discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

### III. Conclusion and Order

For the reasons discussed, the Court:

1) **VACATES** the Clerk's Judgment of dismissal entered on May 9, 2018 [ECF No. 8] pursuant to Fed. R. Civ. P. 60(a);

2) **DISMISSES** Plaintiff's Amended Complaint [ECF No. 10] without further leave to amend for failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1);

3) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

4) **DIRECTS** the Clerk of Court to enter a new final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: July 3, 2018

HON. LARRY ALAN BURNS
United States District Judge